MOSES BRYAN, plaintiff in error, *vs.* RANSOME SUGGS, defendant in error.

Where the complainant brings a bill for a receiver and for the possession of land in the nature of equitable ejectment, alleging insolvency and waste, and the defendant, by answer, in the nature of a cross-bill, prays for a cancellation of the deed which he made to complainant, on the ground that the trade between the parties was the exchange of the land sued for by complainant for a tract of land in Florida, and that he was induced to make the trade by the false and fraudulent representations of the complainant, and the evidence on the question of such fraudulent representations is conflicting, and the land which complainant traded lay in the state of Florida, and defendant had never seen it, but acted upon these representations, and the Florida land turned out to be of but little value ; and the jury found and decreed that the trade should be annulled and the deeds canceled, and that defendant should retain possession of his original land ; and the presiding judge refused to grant a new trial :

*Held,* that this court will not control the discretion of the presiding judge in overruling the motion for a new trial.

New trial. Sale. Vendor and purchaser. Before Judge CLARK. Lee Superior Court. March Term, 1876.

Reported in the opinion.

W. A. HAWKINS, for plaintiff in error.

GUERRY & SON; G. W. WARWICK, for defendant.

JACKSON, Judge.

Bryan brought suit in equity against Suggs, alleging that they had traded lands and exchanged deeds, and that Suggs had retained possession under a contract for rent, but now refused to acknowledge Bryan as landlord, but claimed the land as his own, and had committed and was commiting waste upon it, and prayed an injunction, receiver, etc., and possession of the land. Suggs answered that Bryan had cheated and defrauded him; that he was an ignorant, illiterate man; that Bryan did not read over the deeds to him; that he represented his, Bryan's, land, which was in Florida, to be eight hundred acres, when it was but five hundred; to be very fertile, having grape vines on it that would make five or six rails to the cut, and other similar extravagant tales; that he, Bryan, had given a very large sum for it, and that it was worth a very large amount; that these representations were all false; that he, Suggs, relied upon them, and traded on them; and he prayed for a cancellation of the deeds, the annulling of the trade, and the retention of the property and possession of his own original land. There was conflict in the testimony, but the jury found for defendant, Suggs, and that the trade be annulled, the deeds canceled, and Suggs keep his property and possession. Bryan moved for a new trial, the court below refused it, and Bryan excepted.

The court below, in his charge, put the case upon the point of whether Bryan had falsely and fraudulently misrepresented to Suggs, and thereby cheated and defrauded him into the trade. Bryan's counsel here insisted that Suggs should have looked at the Florida land, and failing to look, that he bought at his peril. We think that had the two plantations or the lands laid side by side or in the neighborhood of each other, the law would have required Suggs to look for himself, and then that

the houses upon the land and its value would have been open to inspection, and both would have traded on equal terms as respects its appearance and value; but when Suggs' land was where both had access to it, and Bryan's was off in Florida, and Bryan made representations about it which were untrue, and which misled Suggs, the case is different. In such case, the questions are just where the presiding judge put the case. Were the representations made, were they false, and was Suggs misled by them? The jury having found the affirmative of these questions, the court below being satisfied with the finding, no error of law having been committed, we decline to interfere.

Judgment affirmed.